Madam Clerk, would you kindly call the next case? Bill 1671, the United States, Japan, and Ahmed v. Sir J.K. Ahmed. Counsel, would you step forward and identify yourselves and your relative position in this matter? Good morning. Michael DiDomenico from Lake Tobacco on behalf of the Appalachian Sirajimed. Good morning, Your Honors. My name is Howard London. I represent the appellee, Asma Ahmed. Thank you both. Mr. DiDomenico. Thank you, Your Honor. May it please the Court? Sure. This is a case about what happens if. The if here is whether the Indiana Appellate Court, or perhaps later the Indiana Supreme Court, reinstates my client's divorce petition that was filed in Porter County, Indiana. A petition that served as the basis for the circuit court below dismissing the appellee's first divorce petition in December of last year. I guess specifically the question before you right now is, now that the appellee has refiled the case here, the day after the Indiana trial court dismissed my client's divorce petition, what do we do? Do we treat this case like it's just another divorce case and proceed to litigate it in full, or do we stay the proceedings pending the resolution and the disposition of my client's appeal? Counsel, just tell me how the Illinois court abused its discretion when it denied your motion to stay the proceedings. I think that that answer in part lies with looking at what the court did. What was before the court was a three-count motion. Two counts were to dismiss. The other count was for the stay, all of which were denied. The first two counts were dismissed without prejudice. That was a count pursuant to 619A3 and A4. I'm not sure what denying a motion to dismiss without prejudice even means, except in this context that if the Indiana Appellate Court or Supreme Court reinstates the petition, that I can re-approach this judge with my motion to dismiss and ask him to dismiss it again. But as we stand here this morning, the Indiana court has a name, correct? That's correct. To let you know where the case is at, it has been fully briefed for approximately five weeks. I'm advised by the Indiana Appellate Council, it's very similar to here, it will be three to four months for a ruling, but it has been fully briefed for about five weeks. But to deny the stay while at the same time denying the motions to dismiss without prejudice, effectively inviting me, if the Indiana Appellate Court reverses and reinstates the case, to renew the motion to dismiss, and seemingly he would logically do so again because he already did it once before, the abuse of discussion is to just issue a blanket denial of the stay and to treat this case like it's no other case and to proceed to have hearings on temporary child support and temporary maintenance and temporary attorney's fees and temporary injunctions and to proceed to litigate the case and do discovery and cause both parties to exhaust their resources paying attorneys to do all this work for work that may ultimately end up being for naught. Is the Illinois divorce case the only divorce case that's currently pending, Counsel? No. The Indiana Appellate Court, what is pending in the Indiana Appellate Court is an appeal from the dismissal of the petition for divorce on foreign non-community grounds. The Indiana case was dismissed. That's correct. Okay. So the Illinois divorce case is the only one that's currently pending. That's correct. Okay. So why wouldn't the court act? It's the only case pending. Why wouldn't the Illinois court act? Why wouldn't the Illinois court act? Right. And take those steps. Award maintenance and do other things. Because the waste of resources that that would potentially entail, it ignores that just proceed to treat this case like it's no other. It ignores the possibility that the case is going to be reinstated in Indiana. We're going to do all kinds of work in this case, exhaust the resources of the marital estate, paying attorneys to do a bunch of work to have hearings and do discovery, all for a case that may ultimately end up being dismissed again. It gets neither party. It's in neither party's interest to treat this case like as if the potential for the Indiana Appellate Court or Supreme Court reinstating the divorce petition isn't a possibility of happening. So your position essentially is the Illinois court is supposed to wait until the Indiana court acts. That's correct. Okay. That's correct. And the reason I say that is because I think that there's a real practical solution to this problem, is that if it is in doubt, if the case below is ultimately going to proceed, and seemingly under the very unique facts of this case, that decision rests in the Indiana courts of review if that divorce petition is reinstated. If it is in doubt that the case below is ultimately going to proceed, the court should do nothing. The court should pause the proceedings and wait to see what happens. Now, I want to ask you to think about that proposition in an analogous way. And I want you to think about that idea in the context of Rule 306, Supreme Court Rule 306 appeals. What's 306? 306 is a laundry list of nine orders that are appealable to your honors by petition. What are three of those orders? Three of those orders are orders granting or denying a motion to transfer a case on statutory venue grounds. Orders denying a motion to dismiss a case when the defendant was saying, Illinois doesn't have personal jurisdiction. Another class of orders under 306 are orders granting or denying a motion to dismiss or transfer a case on forum nonconvenience grounds. What can be said about this court's review of just those three orders under 306? What can be said is, is that this court is ultimately deciding if the case is going to proceed at all. If this court is going to determine that the trial judge was wrong, that there isn't personal jurisdiction, the case is over. If this court's review of a statutory transfer order is to say the case should be transferred, the case isn't going to proceed. Same idea when it's reviewing forum nonconvenience orders. Now, what happens by operation of law under Rule 306? Automatic stay of further proceedings in the trial court under Rule 306c5. Now, by operation of law, our Supreme Court rules pause the proceeding. There is no domestic relations exception to that idea. And I would suggest to you that there is something very similar going on here. What the Indiana Appellate Court is doing is effectively what your honors do when you grant a 306 petition. You're deciding if the case is ultimately going to proceed, and that's why a stay should similarly be awarded here. Now, the blue brief in this case, the opposition in this case, effectively makes two arguments. That while they argue for the first time on appeal that the Indiana action, now that the case is in the Indiana Appellate Court, that it is no longer a pending action for purposes of 2619A3. I'd prefer to stand on the briefs on that particular point unless your honors have questions. The gist of the opposition to the stay in the blue brief is the claim of prejudice, is the claim that the appellee is going to be prejudiced by a stay being put in place because she allegedly has a desperate need for interim relief. Now, I would suggest to you, to this Court, that actually the opposite is true, that the appellee is prejudiced by the absence of a stay. Why do I say that? Because what interest does the appellee have in both sides of this case exhausting their resources, paying attorneys to do discovery and serve subpoenas and have hearings, all for work that may ultimately end up being for naught? This judge, by his own admission, by denying the motion to dismiss without prejudice, effectively saying, bring me back that motion if they reinstate this case. But meanwhile, we're going to allow the parties to exhaust the marital estate, paying attorneys to do work that is going to get neither party closer to what each of them want, which is the entry of a judgment for dissolution of marriage. That work is transferable, isn't it? It is transferable, but I don't think that the cost part of it is transferable. We may be able to transfer the documents. The new Indiana attorneys would have to be repaid to reeducate themselves about all of those issues. Certainly they would not have to invest as much time. I think that's a fair statement. A lot of the documents would be produced, but we would still have to reeducate everybody, a new set of attorneys in Indiana to do that. And I think that's why the claim of prejudice is not – I think what's actually true is that the absence of stays is what is actually prejudicial. Because it is in neither party's interest to go through this process for nothing and to pay Mr. London and I a bunch of money to do a bunch of work that is ultimately going to be for naught. And in that way, I would suggest to you that the Applebee's interest may not necessarily be in line with that of our attorneys. The attorneys certainly have an interest in billing this file and making a lot of money doing a bunch of work, but what interest is it of the parties to go through this for nothing? Thank you. I wanted to talk briefly about this case that came out of the 4th District that Your Honors permitted me to cite as additional authority that came down last month. Reading from – I'm reading from the counsel's response to my motion. It says that the trial court – describing the Kahn case, the trial court granted a state of proceeding pending the Illinois Supreme Court's anticipated ruling as to whether the plaintiff's claims against certain defendants were barred by the statute of limitations and the statute of repose. A reversal by the Supreme Court would terminate the litigation against the defendants. Well, that's just what we're saying here. Why go through all this work? What happened there is the 4th District has said, stay the case, because what the Supreme Court is doing in the second appeal is going to materially affect the litigation. It's going to decide if it's going to go forward or not. If it's barred by statute of limitations or the statute of repose, it's not going to go forward. Well, that's just what's going on here. If the Indiana appellate court or the Indiana Supreme Court reinstates the case, this case is going to be dismissed and we're not going to proceed. So the prudent thing to do is nothing. And consider the waste – the exhaustion of resources that we're just going to go to, to litigate this case and treat this case as if the potentiality for the Indiana Courts of Review not reinstating the case, we're effectively crossing our fingers and hoping it all works out. And that's why I think it is an abuse of discretion. You know, at the very least, what should have happened here was, you know, a state could have been granted condition on the payment of some amount of child support, because that's probably the closest thing to a public policy order that could be entered. Maintenance, discovery, attorney's fees, there's no basis to go – I don't believe that it's a – there's a basis to do all of that work if the case is ultimately going to be dismissed. If the Court doesn't have any further questions, I'll reserve the balance of my time for rebuttal. Thank you. Good morning, Your Honors. Anybody who's ever practiced law in the Domestic Relations Division of the Circuit Court of Cook County for any length of time and who has any experience, whether as a judge or a litigant, knows that everything you've just heard has no relation to reality. We're talking about a Circuit Court judge exercising discretion. You've not been given a single argument as to why what the Circuit Court judge did was beyond the range of reason in light of Illinois law, in light of the facts of this case, and in light of what everybody knows about life. So what does the law command that Circuit Court judge to do? As stated in my brief, the Illinois Dissolution of Merits and Dissolution of Marriage Act provides that one of the main purposes of the act and how it should be interpreted is to make reasonable provision for spouses and minor children during and after litigation, including provision for timely award of interim fees to achieve substantial parity in the party's access to funds for litigation. So people whose lives are in disarray, whose family is being broken apart or has been broken apart because of divorce, are entitled to relief from the court to protect themselves and to provide a remedy and to allow them to live while the case is pending. Litigation, they're asking for a stay of litigation, but the fact is life cannot be stayed. Life goes on. Every day people need food. They need clothing. They need to pay bills. They need to drive cars. They need to fill it up with gas. What Mr. Ahmed is asking is that you apply the golden rule, that he who has the gold makes the rules, that he be the judge, that he decide on his own without judicial interference whether or not he pays Mrs. Ahmed one nickel. She doesn't have to be at his mercy. She has filed a petition for dissolution of marriage, a motion to dismiss that was denied. The denial of the motion to dismiss is not before this court. At the time she filed her petition for dissolution of marriage, nothing was pending in Indiana. The appeal was filed afterwards, and even when the appeal was filed, it didn't change the fact that there was no pending divorce case in Indiana. The only game in town, the only petition for dissolution of marriage, is right over there a couple blocks away in the circuit court of Cook County, and the only judge with the authority and the ability at this point in time to consider my client's request for temporary support for herself and for the party's minor child at the time, but who's still in high school now and who's still living with her and who still needs support and who is still entitled to child support under Section 505, 510, and 513 of the Illinois Dissolution of Marriage Act, are running out of money. They're down to their last dollars. That's what she alleged, and when she stepped into that courtroom, that is the petition that the circuit court judge was faced with, and that is the petition that he was faced with when Mr. Ahmed, through his lawyers, who presumably were being paid to make the argument, said, Don't do anything, Judge. Don't even consider that petition. Lock her out of the courtroom. She doesn't need your help. She doesn't deserve your help. It's all going to be for naught. And his lawyers, who were asking for fees to present the case to the court, I guess he's saying, Now, we're just doing it for ourselves. We don't care about our clients. We just want to, you know, churn up a file and make money. I mean, aside from not being based on any facts, that's an insulting argument. He didn't say that. Well, okay. That's how I took it. But in any event, yes. Your position is the trial judge didn't abuse his discretion? Absolutely. Anything further? Nothing. Well, I mean, I can give reasons why the judge didn't. Well, why don't you state those? Okay. The reasons why the judge didn't abuse his discretion are manyfold. First of all, there was a compelling and immediate need to grant temporary relief as set forth in the petitions. There's a petition for a temporary restraining order and preliminary injunction alleging possible dissipation of assets or disposal of assets. There was a petition for temporary support. There was a petition for temporary attorney's fees. All of these things needed immediate relief. Whatever happens in the future in Indiana, whether it's three or four months from now, or if there are further appeals to a Supreme Court and the case goes on for many, many months or years, between now and then there is a need for immediate relief. Divorce cases are unlike any other cases. It's not just here's what happened, let's get a decision if somebody was right or wrong, guilty or not guilty. There are needs and issues that have to be addressed in the meantime. And that's why it's not like any other case that's been cited to you regarding a stay. So when this judge decided not to grant the stay and decided that there are needs that need to be addressed, you have not been cited in a single case or given a single reason why that judge acted beyond the range of reason. Can arguments be made against or in favor of a stay? Sure, they've made arguments. But the fact that arguments can be made in favor of a stay doesn't mean that the court abused its discretion in denying a stay. And to respond to some of the points made by counsel, counsel argued all the arguments that counsel made really are asking your honors to substitute your judgment for that of the trial court to say that our client has really no interest in pursuing the case in the trial court while our client's interest is expressed in her pleadings seeking interim relief. And the trial judge decided those pleadings needed to be addressed. The argument that all will be for naught if the Indiana Appeals Court or the Indiana Supreme Court at some time in the future reverses is not true because what's not for naught is my client's need for immediate relief. Regardless of what a court does months or a year or whenever it is from now, things are happening on the ground now that need to be addressed, and none of that will be for naught. There's a question as to whether or not it was an abuse of discretion because there will be discovery in the case. There will be money spent. There will be things done. Well, as your honor pointed out, the documents are the same regardless of whether they're being looked at by an Indiana judge or by an Illinois judge. The finances are the same. The expenses are the same. The income's the same. The needs are the same. All of this work has to be done in order for these people to get divorced and in order to decide what, at the very least, even in the interim, what temporary relief should be granted. And I should point out also that nobody is questioning whether there should be a divorce here. Mr. Ahmed, in his response to the petition for dissolution of marriage in this case, asked the court in this case to grant him a dissolution of marriage. So it's not as if my client is asking for relief in this court that another court would not grant because he was also asking for a dissolution of marriage in the other case. So the ultimate relief, a dissolution of marriage, is going to be granted no matter where it is, and that's what this case is moving toward. However, without determining at this juncture whether it would be appropriate for the Illinois court to grant the ultimate relief, to grant the dissolution for marriage whenever that happens, to permanently divide the marital property or to award permanent maintenance or child support, right now there is an urgent and compelling and demonstrated need for interim relief that would be interfered with and denied if the case were stayed pending that. The trial court certainly has discretion down the road to decide whether it should grant permanent relief or whether it should wait for the Indiana court to decide the case, but we're not there yet. That issue isn't before the court today. I think I've made my point as to why the court properly exercises its discretion, why there is no abuse of discretion. If Your Honors have any questions about the particular facts of this case or any of my arguments or counsel's arguments, in order to make your decision, I'd be happy to address them before I sit down. Thank you, Mr. Arnold. Thank you. Thank you. There is indeed a lot of emotion in the blue brief and there's a lot of emotion in what you just heard and none of it is supported by the record. The desperate pleas for interim relief are not borne out by the record. They're simply a petition for temporary support that somebody filed with no evidentiary determinations. One, as to the truth of any of the allegations, in the record. And I would suggest to you that the desperate pleas that you're hearing for relief are not supported by the Appleby's actions. And the Appleby's actions speak louder than Mr. London's words. The case was dismissed in December of 2011. Did Ms. Ahmed, if she needed interim relief so bad, did she go back to Indiana? Did she apply to that Indiana trial court? No. She instead embarked on expensive post-judgment proceedings to reconsider the dismissal, which she lost. Then she didn't appeal. Did she go back after that to apply to the Indiana trial court for temporary relief? No. She forged ahead and got the Indiana case dismissed. And now she comes before you and says, well, Illinois is the only court that can help me. Well, if that is a self-created situation, she is the one that created the situation. And to be honest, I'm not so sure that it's even true. I don't know necessarily why she couldn't apply under these facts and circumstances to the Indiana public court for temporary relief. If the court has any further questions, I would stand on the balance of my brief and ask that the denial of the stay be reversed. Thank you. Thank you. Thank you both. We'll take your matter under advisement. Court is adjourned.